UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LORI MILLER, ET AL.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 04-3271** |
| **MR. B'S BISTRO, INC., ET AL.** | * | **SECTION "L"(2)** |

**ORDER & REASONS**

Before the Court is Plaintiffs' Motion for Partial Summary Judgment on Causation. This matter came for hearing before the Court without oral argument on August 3, 2005. For the following reasons, the Motion is hereby DENIED.

**I. Factual and Procedural History**

This case arises out of an incident at Defendant Mr. B's Bistro, Inc. ("Mr. B's") on July 21, 2004 in which Plaintiff Lori Miller was struck by a object carried by Mr. B's employee. Plaintiff was a twenty-nine year old pharmaceutical sales representative for Merck and Company, Inc. Ms. Miller was in New Orleans for a conference, and was having dinner with three co-workers. A runner for Mr. B's carried a large serving tray with several covered dinner plates, and, as the runner maneuvered past Ms. Miller's table, a dinner plate of "cedar plank salmon" slipped and fell from the serving tray.

Plaintiff alleges that the dinner plate itself struck her on the top of her head, after which the plate shattered on the table. On the other hand, Defendants allege that the cedar plank,

weighing approximately 2 to 3 ounces, struck Plaintiff on top of her head, and that the dinner plate landed directly on the table.[1]  Depositions are still being taken of witnesses to the incident, and the deposition testimony received thus far by the Court appears to be conflicting.

After the incident, Mr. B's manager placed Plaintiff into a taxicab and sent her to Touro Infirmary, where she was examined for injuries.  A physician in the emergency department noted in the report that Ms. Miller suffered from a hematoma in the left parietal region and mild straightening of the normal cervical lordosis.  The report also indicated that she had no neck pain.

For approximately one week after the incident, Ms. Miller attempted to return to work. Because of ongoing neck pain, Plaintiff did not return to work after that time.  Ms. Miller eventually underwent an interior cervical fusion at C5-C6 because of a tear between those two discs in her neck, and she has received a range of other treatments to relieve her neck pain.  The parties are still undergoing discovery concerning the nature and extent of Ms. Miller's injuries, and she is still undergoing treatment for these injuries.

On November 30, 2004, Plaintiffs filed the instant lawsuit in the U.S. District Court for the Eastern District of Louisiana.  Made Defendants were Mr. B's and Zurich American Insurance Company, Mr. B's insurer.  Plaintiffs allege Defendants are liable under theories of negligence and strict liability, and allege damages of past and future medical expenses, past and future lost wages and lost earning capacity, pain and suffering, and mental anguish.  Plaintiff Michael Miller

---

[1] Plaintiff emphasizes that Defendants' first set of responses to interrogatories indicates that Defendants believed at that time that the dinner plate itself struck Ms. Miller.  Defendants revised these responses after the deposition of Chris Yount, a waiter, who indicated that he believed the cedar plank hit Ms. Miller, although he stated that he did not see the incident.  The Court can attribute no bad faith motive to Defendants' revision of their responses.  Discovery is ongoing, and during this period the parties may adjust their views of the facts of the case as the evidence develops.

has also brought a claim for loss of consortium.

Plaintiffs filed the present Motion for Partial Summary Judgment on Causation on July 19, 2005. In the memoranda submitted by the parties, the parties state that Defendants have stipulated to liability for the incident. The Court has not received any document memorializing this stipulation, so the terms are unknown. However, given that both parties state that this stipulation has occurred, the Court will presume that Defendants have stipulated to liability.

## II.  Law and Analysis

### 1.  Summary Judgment Standard

Summary judgment will be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits show that there is no genuine issue as to any material fact and that the defendant is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. If the party moving for summary judgment demonstrates the absence of a genuine issue of material fact "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Willis v. Roche Biomedical Laboratories, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). "[A] dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, no genuine issue exists for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 588 (1986). Therefore, "the mere existence of some factual dispute will not defeat a motion for summary judgment; Rule 56 requires that the fact dispute be genuine and material." *Willis*, 61 F.3d at 315.

The burden of demonstrating the existence of a genuine issue is not met by "metaphysical doubt" or "unsubstantiated assertions." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)

(quoting *Matsushita*, 475 U.S. at 588). The Court must "resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contrary facts." *Id.* The Court does not, "in the absence of proof, assume that the nonmoving party could or would prove the necessary facts." *Id.* If the evidence leads to only one reasonable conclusion, summary judgment is proper. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

### 2.    The *Housley* Presumption

Plaintiffs argue that they are entitled to a presumption of causation under Louisiana law. In *Housley v. Cerise,* the Louisiana Supreme Court stated that a plaintiff in a negligence case is entitled to a presumption of causation if the following three elements are met: 1) the person was in good health prior the accident, 2) commencing with the accident, the symptoms of the disabling condition appeared and continuously manifested themselves afterwards, and 3) there is a reasonable possibility of a causal connection between the accident and the disabling condition. *Housley v. Cerise*, 579 So.2d 973, 980 (La. 1991) (citing *Lukas v. Insurance Co. of N. Am.*, 342 So.2d 591 (La. 1977)). This is often called the *Housley* presumption. *See Detraz v. Lee*, 2004-988 (La. App. 3d Cir. 4/13/05), 900 So.2d 1099, 1104.

No cases were found in which courts granted summary judgment to a plaintiff based upon the *Housley* presumption. Rather, the *Housley* presumption generally comes into play when a party appeals an adverse decision in the trial court. *See Housley*, 579 So.2d at 975; *Detraz*, 900 So.2d at 1104. Louisiana appellate courts use the presumption to justify the trial court's or jury's factual findings regarding causation, because factual findings are entitled to deference and cannot be overturned unless manifestly erroneous. *See Housley*, 579 So.2d at 975.

However, the district court's standard of review of a motion for summary judgment is decidedly different from the "manifestly erroneous" standard. Under the "manifestly erroneous" standard, the appellate court must presume that factual findings in favor of the winning party are correct, unless proven to be manifestly erroneous. *Housley*, 579 So.2d at 975. Under the summary judgment standard, the district court must resolve all controversies in favor of the non-moving party. *Little*, 37 F.3d at 1075. The Court is not persuaded that the *Housley* presumption is applicable at this point in the case: Plaintiffs are asking the Court to presume an element of the case in their favor, at the exact point when all factual conflicts are to be resolved against them.

### 2.     Causation

Although the Court finds the *Housley* presumption inapplicable at this point, summary judgment would still be appropriate if there were no genuine issues of material facts regarding the causation of Plaintiffs' injuries. Plaintiffs argue that they are entitled to summary judgment regarding causation because Defendants have stipulated to liability. According to Plaintiffs, Ms. Miller was a young woman in good health prior to the accident, and is now permanently disabled. Plaintiffs argue that there can be no other reasonable cause of her injuries but the accident. Plaintiffs also contend that Defendants have no good faith basis for contesting causation because there is no evidence supporting their position that a cedar plank struck Ms. Miller.

Defendants argue that they have stipulated to liability, but not causation. Defendants' position is that something struck Ms. Miller, creating liability for that incident. However, Defendants allege that they are unsure of what object struck Ms. Miller, and that they are unsure that the accident was the sole cause of her severe injuries. Defendants base this argument upon the testimony of a Mr. B's waiter who stated that he believed the cedar plank struck Ms. Miller,

5

and upon an emergency room report that indicated that she suffered no neck pain several hours after the accident. Defendants further state that in the coming weeks they intend to take numerous depositions which could confirm their position, and that Plaintiffs' motion is premature.

The Court agrees that summary judgment is not appropriate at this stage. The parties are in disagreement about a fundamental fact of the case – what object struck the Plaintiff. The parties also disagree regarding the nature and extent of Plaintiff's injuries, and are still conducting discovery to ascertain those injuries. Generally, under Louisiana law, causation in tort cases is a question of fact that is inappropriate for disposition upon summary judgment. *Estate of Adams v. Home Health Care of La.*, 2000-2494 (La. 12/15/00), 775 So.2d 1064, 1064. Causation is a determination pregnant with factual questions, and it is not the role of the Court at this stage to answer those questions. If only one reasonable conclusion could be drawn from the evidence presented, the Court could grant summary judgment. *Anderson*, 477 U.S. at 250. However, this case does not present that situation.

Contrary to Plaintiffs' assertion, Defendants do not appear to be vacillating or acting in bad faith. There is a distinction between stipulation to liability and causation. Mr. B's has a legitimate basis to argue that, although something struck Ms. Miller, creating *liability*, that accident may not be the *cause* of the particular injuries she alleges. Due to the substantial contested issues of fact, the Court is not in a position at this time to make a determination regarding causation. Thus, summary judgment is inappropriate.

## III. Conclusion

IT IS ORDERED that the Motion for Partial Summary Judgment on Causation of Plaintiffs Lori and Michael Miller should be and hereby is DENIED.

New Orleans, Louisiana, this 3rd day of August, 2005.

                                                        United States District Judge